**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-4562**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MICHAEL STEPHON GRIFFIN,

Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Senior District Judge. (5:92-cr-00074-F-2)

---

Submitted: November 22, 2006        Decided: December 11, 2006

---

Before WILKINSON and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  George E. B. Holding, Acting United States Attorney, Jennifer P. May-Parker, Anne M. Hayes, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Stephon Griffin appeals the sentence of sixty months imprisonment imposed by the district court upon revocation of his supervised release. At the time of the revocation hearing, Griffin was facing state charges of selling marijuana at his workplace. He had previously violated the conditions of supervised release, resulting in the court's modification of his supervised release and his confinement for ninety days in a community corrections center. Griffin argues that the sentence was unreasonable because the district court failed to give its reason for imposing the maximum sentence. We affirm.

In Griffin's case, the Chapter 7 policy statement advisory range was 51-60 months. Because Griffin did not object to the district court's failure to explain the reason for his sentence, this court's review is for plain error. United States v. Olano, 507 U.S. 725, 732 (1993); United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). In United States v. Crudup, 461 F.3d 433 (4th Cir. 2006), petition for cert. filed, Nov. 3, 2006 (No. 06-7631), we held that "revocation sentences should be reviewed to determine whether they are 'plainly unreasonable' with regard to those § 3553(a)[1] factors applicable to supervised release revocation sentences." Id. at 437. Crudup mandates a two-step analysis. First, the appellate court must decide whether the

[1] 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006).

- 2 -

sentence is unreasonable, either procedurally--for example, if the district court gave an inadequate statement of reasons or failed to make a necessary factual finding--or substantively, which could be the case if the court relied on an improper factor or rejected policies articulated by Congress or the Sentencing Commission. Id. at 438 (citing United States v. Moreland, 437 F.3d 424, 434 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006)).[2]  If the sentence is unreasonable, the appeals court must decide whether it is plainly unreasonable, using the same definition of plain as in "plain error" analysis, that is, "clear" or "obvious."  Crudup, 461 F.3d at 439 (quotation and citation omitted).  While the district court must consider the Chapter 7 policy statements, statutory requirements, and the factors applicable to revocation sentences under 18 U.S.C.A. § 3553(a), see 18 U.S.C. § 3583(e) (2000), the district court ultimately has broad discretion to revoke the previous sentence and impose a term of imprisonment up to the statutory maximum.  Crudup, 461 F.3d at 439.

Here, the district court did not explicitly state its reason for imposing a sentence of sixty months, the maximum sentence permissible under § 3583(e).[3]  However, the court imposed a sentence within the Chapter 7 advisory policy statement range of

_____

[2]Both Crudup and Moreland involved variance sentences that went above the advisory Chapter 7 sentencing range.

[3]The sentence was imposed on May 16, 2006, almost three months before the opinion in Crudup issued.

51-60 months.  The court's comments during the hearing reveal its concerns that prior incarceration and drug treatment had not kept Griffin from again selling drugs, and that Griffin's continued drug activity might cause harm to others.  To the extent that the court's failure to state its reasons for the sixty-month sentence renders the sentence unreasonable, we conclude that the sentence is not plainly unreasonable.

Griffin suggests that the court failed to consider that a five-year sentence is excessive for his offense.  However, when imposing a revocation sentence, the district court is not authorized to consider whether the sentence reflects the seriousness of the offense.  Crudup, 461 F.3d at 439 (citing 18 U.S.C. § 3583(e)) (certain § 3553(a) factors may not be considered in review of revocation sentence).  Griffin also suggests that the court may have imposed the sentence out of a mistaken belief that he still required treatment for drug addiction.  However, Griffin's attorney informed the court that Griffin had overcome his addiction.

The sentence was within the advisory Chapter 7 policy statement range, and Griffin does not claim that the district court failed to consider any pertinent § 3553(a) factors.  Therefore, we affirm the sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before the court and argument would not aid the decisional process.

AFFIRMED